**TEXAS EMPLOYERS' INS. ASS'N v. GUINN et al. (No. 8813.)**

(Court of Civil Appeals of Texas. Dallas. April 21, 1923. Rehearing Denied May 12, 1923.)

Master and servant ⬡417(5)—Findings in compensation suit held insufficient to support judgment.

In a suit to set aside an award under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) for personal injuries to an employee, the jury's findings that the employee was totally disabled, and had suffered partial disability for 200 weeks, without any finding as to the period of total disability, *held* insufficient to support a judgment.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Mrs. M. A. Guinn and husband against the Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board under the Employers' Liability Act. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Lawther, Pope & Leachman, of Dallas, for appellant.

John White and Ed. B. Freeman, both of Dallas, for appellees.

JONES, C. J. Appellee Mrs. M. A. Guinn was in the employ of the Southland Hotel Company in the capacity of chambermaid, and claimed to have received personal injuries on September 14, 1918, while in the course of her employment, by the fall of an elevator in use by said hotel, in which she was a passenger. This suit was brought by her and her husband, M. A. Guinn, against appellant, Texas Employers' Insurance Association, to set aside an award of the Industrial Accident Board in accordance with the provisions of the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.). She alleges that she was permanently and totally disabled, and sought judgment against appellant for the sum of $5 per week for a total of 401 weeks, being the maximum amount she could recover under the law. The Southland Hotel Company was protected by insurance in appellant com-

pany. The case was tried to a jury, and, on the answer of the jury to certain special issues submitted, the court entered judgment in favor of appellee Mrs. Guinn setting aside the award of the Industrial Accident Board of Texas, and awarding her the sum of $5 per week for a period of 200 weeks, beginning on the 21st day of September, 1918. The judgment, however, provided that the sum of $840, covering a period of 168 weeks, should be paid in a lump sum, and the remainder of 32 weeks should be paid at the rate of $5 per week, beginning the 3d day of September, 1921, and continuing until said judgment was discharged. The judgment was rendered on the 2d day of September, 1921, and the lump sum payment of $840 covered the period of time from the injury to the date of the judgment.

Under the terms of the law and the undisputed proof the judgment was the maximum amount that could have been recovered for total disability for the said period of 200 weeks. This judgment is assailed principally upon the ground that the findings of the jury are not sufficient to support it. The findings of the jury on the disputed issues, as to the fall of the elevator and as to appellee's being injured, are full and complete, and are in favor of appellee. The jury, however, failed to make any answer to a number of special issues submitted, and necessary to the entry of a valid judgment, on the question of the amount of damages that should be given appellee. The only special issue answered by the jury touching this matter is to the effect that Mrs. M. A. Guinn was totally disabled to work, labor, or earn money as the result of an injury she sustained while an employee of the Southland Hotel Company on the occasion in question. This issue was followed by another requiring the jury to find the number of weeks Mrs. Guinn suffered such total disability. This issue the jury failed to answer. The jury was also submitted the issue as to whether appellee Mrs. M. A. Guinn was totally or partially disabled as the result of her said injuries on the said occasion. This issue the jury failed to answer. This issue was followed by submission to the jury of the question as to how many weeks, if any, Mrs. Guinn was partially disabled as the result of her injuries. To this question the jury answered, "200 weeks."

These are all the findings of the jury that formed the basis for the judgment which fixes the amount allowed appellee. In other words, under a finding that appellee was totally disabled to work, labor, or earn money as the result of the injuries, and that she had suffered partial disability for a period of 200 weeks, the court entered judgment allowing her a recovery for total disability of 200 weeks, and allowing nothing for partial dis--

---

⬡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ability. In this the court was in error; the amount appellee would have been entitled to under the jury's finding for partial disability of 200 weeks' duration was less than the amount found in the judgment. What sum could have been allowed her on the jury's finding for total disability cannot be determined, for the reason that the jury failed to find the length of time such total disability existed.

The findings are not sufficient for a basis for the rendering of any valid judgment fixing the amount of appellee's damages, for which reason this case must be reversed and remanded.

Reversed and remanded.